## William T. Johnson v. Otto E. Pietsch.

1. CONTRACTS—*With a Person to Testify, Not Necessarily Illegal.*— A contract with a person to perform services of various kinds in a condemnation suit, such as investigating values of the land to be taken, and the effect of such taking upon what remained, consulting with

counsel, examining plats of the route, as well as to testify in the case as witness. is not necessarily an illegal contract or one tending to corrupt practices.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed April 16, 1901.

GEORGE HUNT, attorney for appellant.

FRANK CROZIER, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This was a suit to recover a balance claimed under an express agreement by appellant to pay appellee $500 for services as an expert in a proceeding to condemn certain real estate belonging to appellant. The declaration consisted of the common counts only.

The defense was on the theory that the account, claimed to be an account stated, grew out of an illegal contract, viz., an agreement to pay for appellee's services as an expert witness, a sum proportioned to the amount that might be recovered in the condemnation proceedings.

We would have no hesitation in condemning a contract of the kind claimed by appellant to have been made, as contrary to public policy and void as tending to corrupt the administration of justice. Goodrich v. Tenney, 144 Ill. 422; Gillett v. Logan County, 67 Ill. 256.

The fair inference from all the evidence is that the condemnation proceedings affected a large number of lots owned by the appellant, some portions of which were actually taken for the improvement or public use, and the balance of which were damaged by the taking of the other part.

Appellee was engaged to perform services of various kinds in the condemnation suit, such as an investigation of values of the part of the land taken and the effect of such taking upon what remained, consulting with counsel for appellant, examining plats of the route of the road, etc., as

well as to testify in the case.   He was not, however, called as a witness, although he attended the trial, lasting several days.

We do not think such services were necessarily illegal or tending to corrupt practices.   They are such as every property owner needs in order to secure a just appraisement of his land by a jury.   A contract of that kind will be presumed to be legal until the contrary appears.   Evidence as to what the agreement was, was passed upon by the trial judge, who, upon conflicting testimony, found that it was to pay the specific amount claimed, and not to pay a sum dependent on the amount to be recovered.   We ought not to disturb the finding in that respect.

It was for the trial judge to say upon which side the preponderance of evidence and credibility of witnesses lay. He was manifestly in a far better position than we are to determine those facts.

We have examined the propositions of law that were submitted to be held by the trial judge, and refused by him, and need only say that we discover no error committed in that respect.   If there was an original agreement to pay the particular sum claimed, it was necessary, in order to invalidate such agreement, to show the appellee's consent to a sliding scale reduction of that amount—which was not done, although attempted.

We do not think any substantial error was committed and the judgment should be affirmed.